UNITED STATES DISTRICT COURT
JUDGE PAULEY
SOUTHERN DISTRICT OF NEW YORK

14 CV 3171

------------------------------------------------------------x
ISAAC WATKINS,

                    Plaintiff,

- against -

THE CITY OF NEW YORK,
P.O. JAMES GASIOREK (Tax ID# 934909),
P.O. JAMES PENNY (Tax ID # unknown),
SGT. WILLIAM HARRIS (Tax ID # 919113),
and P.O. "JOHN DOE" #1-10, Individually
and in their official capacities (the name John Doe
being fictitious as the true names are presently
unknown),

                    Defendant.
------------------------------------------------------------x

*DKT#:*
**COMPLAINT**

**JURY TRIAL DEMANDED**

**ECF CASE**



Plaintiffs, ISAAC WATKINS, by his attorneys, TREYVUS & KONOSKI, P.C.,

complaining of the defendants, respectfully allege as follows:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of their civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§ 1983, and 1988, and the First, Fourth, Fifth, Eight and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff, ISAAC WATKINS, is An African-American male, a citizen of the United States and at all relevant times a resident of the City and State of New York.

7. THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. THE CITY OF NEW YORK, maintains the New York City Police Department, a duly organized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, THE CITY OF NEW YORK.

9. That at all times hereinafter mentioned, the individually named defendants, P.O. JAMES GASIOREK (Tax ID# 934909), P.O. JAMES PENNY (Tax ID # unknown), SGT. WILLIAM HARRIS (Tax ID # 919113), and P.O. "JOHN DOE" #1-10, were duly sworn police officers of the New York City Police Department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned, the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York or THE CITY OF NEW YORK.

11. Each and all of the acts of the defendants alleged herein were done by said defendants

while acting within the scope of their employment by defendant, CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant, CITY OF NEW YORK.

## FACTS

13. On January 9, 2014 at approximately 10:00 a.m. the Plaintiff reported for a job interview with the NYC Police Traffic Enforcement office at One Police Plaza in Manhattan.

14. While the claimant was filling out paperwork as part of the job interview process, he was approached by P.O. JAMES PENNY and was asked on at least three (3) occasions by P.O. JAMES PENNY if he knew a person named "Charles Deets".

15. The Plaintiff repeatedly told this officer that he did not know a "Charles Deets".

16. Eventually, the complainant was placed into handcuffs by P.O. JAMES PENNY and was told that there was a warrant for his arrest. The complainant was informed that he was being arrested because he was believed to be "Charles Deets" and that a man by the name of "Charles Deets", who had a warrant for his arrest, was connected to the complainant's residential address. The complainant was informed that the police believed that the complainant was the person, "Charles Deets". The complainant was informed that the warrant was for an open container, or drinking a beer in public, in Cranford, NJ.

17. The complainant is not the same person as "Charles Deets".

18. The complainant does not know a person named "Charles Deets".

19. The complainant was never issued a summons for any crime or violation in Cranford, NJ, including, but not limited to, an open container or for drinking an alcoholic beverage in public. The complainant was never issued such a summons either in his own name, the name of "Charles Deets", or any other name.

20. P.O. JAMES GASIOREK (Tax ID# 934909), SGT. WILLIAM HARRIS (Tax ID # 919113), were aware of the fact that the Plaintiff was falsely arrested without there being sufficient information to confirm whether the Plaintiff was the same person as "Charles Deets". Nonetheless, P.O. JAMES GASIOREK (Tax ID# 934909), SGT. WILLIAM HARRIS (Tax ID # 919113),and P.O. "JOHN DOE" #1-10, failed to intervene to prevent the unlawful arrest of the Plaintiff.

21. The Defendant police officers did not have a reasonable basis to believe that the complainant was, or could have been, the same person as "Charles Deets".

22. The Defendant police officers failed to adequately and sufficiently confirm that the Plaintiff was the same person as "Charles Deets".

23. It was unreasonable for the Defendant police officers to have arrested the complainant because the police did not confirm whether or not the complainant was, in fact, the same person in the warrant.

24. The Defendant police officers arrested the complainant without probable cause.

25. The Defendant police officers that arrested the complainant did not have any legal basis to arrest him.

26. The Plaintiff was held in custody for approximately 5 hours.

27. During the entire time the Plaintiff was held in custody, he was in handcuffs.

28. The Plaintiff was brought to Manhattan criminal court where he was released from custody.

29. As a result of the foregoing, plaintiff sustained, inter alia, loss of earnings, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, and deprivation of his constitutional rights.

## FEDERAL LAW CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF
### DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

30. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "29" with the same force and effect as if fully set forth herein.

31. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of law.

32. All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America and in violation of 42 U.S.C. § 1983

33. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

34. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

35. Defendants collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

### SECOND CLAIM FOR RELIEF
### FALSE ARREST UNDER 42 U.S.C § 1983

36. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "35" with the same force and effect as if fully set forth herein.

37. As a result of defendants' aforementioned conduct, plaintiff was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, and incarcerated by the defendants without any probable cause, privilege or consent.

38. That the detention of the plaintiff by defendant was objectively unreasonable and in violation of plaintiff's constitutional rights.

39. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and plaintiff was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, all without probable cause, and plaintiff sustained, inter alia, loss of earnings, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, and deprivation of his constitutional rights.

## STATE LAW CAUSES OF ACTION

### FIRST STATE LAW CLAIM FOR RELIEF
*NEGLIGENCE*

40. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "39" with the same force and effect as if fully set forth herein.

41. That the Defendant, CITY OF NEW YORK, had a duty to the Plaintiff to ensure that the CITY OF NEW YORK, through its employees, agents, and servants, and through the Defendant police officers, would not create conditions that would unreasonably increase his chance of being arrested upon a warrant that was not issued for the Plaintiff.

42. That the Defendant, CITY OF NEW YORK, breached that duty when its employees, agents, and servants, including the Defendant police officers, failed to confirm that "Charles Deets" was the same person as the Plaintiff.


43. The Plaintiff's injuries were proximately related to the actions of the CITY OF NEW YORK and the Defendant police officers.

44. That the foregoing injuries sustained by the Plaintiff was caused solely by reason of the carelessness, negligence, wanton and willful disregard on the part of the defendant CITY OF NEW YORK and the Defendant police officers, and without any negligence on the part of the plaintiff, contributing thereto.

## SECOND STATE LAW CLAIM FOR RELIEF
### *NEGLIGENT SUPERVISION*

45. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "44" with the same force and effect as if fully set forth herein.

46. Defendant CITY OF NEW YORK is required to supervise its various agents, servants, and employees, employed by the Defendant CITY OF NEW YORK, including the Defendant police officers.

47. That CITY OF NEW YORK created an unreasonable risk of harm to plaintiff by failing to adequately supervise, control or otherwise monitor the activities of its employees, servants, and/or agents, including the Defendant police officers.

48. That the defendant, CITY OF NEW YORK, caused damages by way of its negligent supervision; and, the Plaintiff is entitled to recover against defendants for his injuries, damages and losses caused by defendant, CITY OF NEW YORK.

## THIRD STATE LAW CLAIM FOR RELIEF
### *NEGLIGENT TRAINING*

49. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "48" with the same force and effect as if fully set forth herein.

50. Defendant, CITY OF NEW YORK is required to adequately train its various agents,

servants, and employees, including the Defendant police officers.

51. Defendant, CITY OF NEW YORK created an unreasonable risk of harm to plaintiff by failing to adequately train its various agents, servants, and employees, including the Defendant police officers.

52. That the defendant, CITY OF NEW YORK, caused damages by way of its negligent training; and, the Plaintiff is entitled to recover against defendants for his injuries, damages and losses caused by defendant.

## FOURTH STATE LAW CLAIM FOR RELIEF
### *FALSE ARREST*

53. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "52" with the same force and effect as if fully set forth herein.

54. As a result of defendants' aforementioned conduct, plaintiff was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, and incarcerated by the defendants without any probable cause, privilege or consent.

55. That the detention of the plaintiff by defendant was objectively unreasonable and in violation of plaintiff's constitutional rights.

56. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and plaintiff was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, all without probable cause, and plaintiff sustained, inter alia, loss of earnings, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, and deprivation of his constitutional rights.

## THEORY OF LIABILITY
## VICARIOUS LIABILITY and RESPONDEAT SUPERIOR

57. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "56" with the same force and effect as if fully set forth herein.

58. That the corporate defendant, THE CITY OF NEW YORK, is liable to the Plaintiff for the acts and omissions and negligence of its various agents, servants, and employees, including but not limited to the Defendant police officers, under the legal theories of "Vicarious Liability" and "Respondeat Superior".

## CONDITIONS PRECEDENT

59. Within 90 days of the Plaintiff's injury a Notice of Claim was served upon the defendant City of New York, setting forth:

   a. The name and post office address of the claimant and his attorney;

   b. The nature of the claim;

   c. The time when, the place where, and the manner in which the claim arose;

   d. The items of damages and injuries sustained so far as practicable.

60. The Notice of Claim was served upon the defendant, CITY OF NEW YORK, within 90 days after Plaintiff's several causes of action accrued.

61. That on April 18, 2014, The defendant CITY OF NEW YORK conducted a hearing pursuant to Section 50-H of the General Municipal Law.

62. This action has been commenced against the CITY OF NEW YORK within one year and 90 days after Plaintiff's various causes of action have accrued.

63. Plaintiff has duly complied with all of the conditions precedent to the commencement of these causes of action.

## DAMAGES AND RELIEF REQUESTED

64. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "63" with the same force and effect as if fully set forth herein.

65. All of the foregoing acts by defendants deprived plaintiff of federally protected rights, including, but not limited to, the right:

    A. Not to be deprived of liberty without due process of law;

    B. To be free from seizure and arrest not based upon probable cause;

    C. To be free from unwarranted and malicious criminal prosecution;

    D. To receive equal protection under the law.

66. By reason of the aforesaid conduct by defendants, plaintiff is entitled to special and compensatory damages, punitive damages, plus attorney's fees pursuant to 42 U.S.C. § 1988, as well as costs and disbursements of this action, and any further relief as the Court may find just and proper.

**WHEREFORE**, Plaintiff demands judgment in the sum of one million dollars ($1,000,000.00) in compensatory damages, one million dollars ($1,000,000.00) in punitive damages, plus attorney's fees, costs and disbursements of this action for the Federal Causes of Action; and

**WHEREFORE**, Plaintiff demands judgment in the sum of one million dollars ($1,000,000.00) in compensatory damages, one million dollars ($1,000,000.00) in punitive damages for the State Causes of Action.


Dated: New York, NY  
      April 28, 2014

By: _____  
BRYAN KONOSKI (BK2325)  
Treyvus & Konoski, P.C.  
*Attorney(s) for the Plaintiff*  
305 Broadway, 14th Floor  
New York, NY 10007  
(212) 897-5832